IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| D&D MANUFACTURING, LLC and DALE POLK JR., | § § § § | No. 141, 2024 |
| Defendants Below, Appellants, | § § § | Court Below—Court of Chancery of the State of Delaware |
| v. | § § § | C.A. No. 2022-1202 |
| ENVIROKARE COMPOSITE CORPORATION, derivatively on behalf of Nominal Defendant LRM INDUSTRIES INTERNATIONAL, INC., | § § § § § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: April 15, 2024
Decided: May 20, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the exhibits, it appears to the Court that:

(1)     The defendant-appellants have petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a Court of Chancery bench ruling, issued March 6, 2024, denying their motion to dismiss for lack of personal jurisdiction. On March 20, 2024, the appellants filed an application for certification of an interlocutory appeal. The appellees opposed the application. The Court of

Chancery denied the application, finding that it was untimely and that the appellants had failed to demonstrate good cause to excuse their untimely application. The Court of Chancery also concluded that the balance of the Rule 42(b) factors weighed against certifying the appeal.

(2)     In the exercise of our discretion,[1] we conclude that the interlocutory appeal should be refused. The application for certification was untimely because it was filed more than ten days after the Court of Chancery's March 6, 2024 ruling, and the appellants did not establish good cause to excuse their untimely application.[2]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] DEL. SUPR. CT. R. 42(d)(v).

[2] *See id.* R. 42(c)(i) (providing that the application for certification "shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown"); *id.* R. 42(a) ("The Court's jurisdiction to hear and determine appeals in civil cases from interlocutory orders of a trial court, including a trial court acting as an intermediate appellate court in the review of a ruling, decision or order of a court or an administrative agency, shall be exercised in accordance with this rule as to certification and acceptance of interlocutory appeals. All time periods under this rule should be calculated under Supreme Court Rule 11."); *see also, e.g.*, *Bayer-Highland Family Partnership, Ltd. v. RF Capital Holdings, LLC*, 2018 WL 4360999 (Del. Sept. 13, 2018) (refusing interlocutory appeal where appellants did not establish good cause to excuse untimely filing of application for certification).